**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRACEY L. MYLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-534-JWD-RLB** |
| **AMAZON.COM LLC** | |

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to its recommendations, proposed findings of fact, and conclusions of law. Failure to file written objections to the recommendations, proposed findings, and conclusions, within fourteen (14) days after being served, will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 13, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRACEY L. MYLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-534-JWD-RLB** |
| **AMAZON.COM LLC** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. (R. Doc. 12). The motion is unopposed. *See* LR 7(f).

## I. Background

On May 14, 2026, the *pro se*[1] Plaintiff, Bracey L. Myles ("Plaintiff"), initiated this action by filing the Complaint against Defendant, Amazon.com Services LLC ("Defendant"),[2] alleging Defendant retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (R. Doc. 1). Plaintiff's Complaint includes the following relevant *allegations*:

- Plaintiff was employed by Defendant at an Amazon fulfillment center in Baton Rouge, Louisiana.
- Prior to the incidents described, Plaintiff was "a working employee in good standing in material respects, maintained attendance, and was attempting to continue advancing in his employment."
- On or about August 15, 2024, Plaintiff formally submitted an internal report against managers identified in Amazon's reporting system as Karina Rodriguez and Danny Lucero which described bullying and related treatment. Plaintiff complained that after seeking a few days off an assignment related to shoulder surgery, management accused him of being insubordinate, changed his manager, and failed to address the concerns he reported.
- On or about August 22, 2024, Plaintiff was told "to hand over his badge near the end of his shift," and when Plaintiff sought clarification from HR and Safety, he was not given a clear reason or told whether he was formally suspended.

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, they are not free "from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Thus, courts need not "search for or . . . create causes of actions" for *pro se* plaintiffs. *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

[2] Plaintiff incorrectly identifies Defendant as Amazon.com LLC in the Complaint. (R. Doc. 1).

- Amazon's internal follow-up to the incident report reflects that Plaintiff claimed he was still on suspension without reason, was allowed to take an extra shift, and then was told upon arrival to the extra shift that he was not allowed to be there and would "be emailed eventually." Plaintiff documented communications reflecting that he remained an active employee placed on paid suspension.
- After the first suspension, Plaintiff further pursued complaints through HR and corporate-level channels.
- Plaintiff eventually returned to work, but shortly after Plaintiff's return, Defendant suspended Plaintiff a second time, removing him from the workplace, taking his badge, and failing to provide a clear written explanation for the second suspension. Plaintiff experienced irregular communication and was left without a clear and documented justification for the second suspension.
- While on the second suspension, Plaintiff was involved in "a serious vehicle wreck that totaled his truck."
- "Plaintiff's employment circumstances surrounding that period were known to Defendant, including through employment-related communications and processes."
- Defendant terminated Plaintiff's employment effective October 21, 2024 and notified Plaintiff he "may be eligible" to appeal the decision. Plaintiff sought appeal but was notified on October 22, 2024 that the appeal was cancelled because the corrective action was in a category ineligible for appeal.
- At no point did Defendant provide Plaintiff with a consistent, transparent, and properly documented explanation that matched the escalating adverse actions it took against him. Defendant's handling of Plaintiff changed materially after Plaintiff engaged in protected activity.
- The timing, inconsistency, lack of coherent documentation, reinstatement followed by renewed adverse action, and ultimate termination support a reasonable inference of retaliation and pretext.
- Plaintiff filed EEOC Charge No. 461-2025-00184 and received a Determination and Notice of Rights issued on March 4, 2026.

(R. Doc. 1). Plaintiff's Complaint raises the following causes of action: (1) Title VII Retaliation and (2) "Pretext/Unlawful Adverse Treatment." (R. Doc. 1 at 4).

Defendant filed the instant Motion to Dismiss on August 18, 2026. (R. Doc. 12). Defendant asserts Plaintiff's Complaint should be dismissed because (1) he brings a retaliation claim under Title VII but fails to show he opposed a practice based on characteristics protected by Title VII and (2) he did not exhaust his administrative remedies. (R. Doc. 12-1 at 1). Attached to the Motion to Dismiss as Exhibit A, Defendant included a "no-action Notice of Charge of Discrimination" issued

by the U.S. Equal Employment Opportunity Commission ("EEOC") to Amazon on September 24, 2025.

## II. Law & Analysis

### A. Legal Standards

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of a complaint against Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive such a motion, a complaint must show there is a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Factual assertions are presumed to be true; "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Fed. R. Civ. P. 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not presume the truth of conclusory statements but look for facts supporting the pleader's claim. *Twombly*, 550 U.S. at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Title VII Retaliation

To establish a *prima facie* case for retaliation under Title VII, "a plaintiff must first show that (1) [he] participated in an activity protected under the statute; (2) [his] employer took an adverse employment action against [him]; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. Louisiana*, 730 F.3d 450, 454 (5th Cir. 2013).

Plaintiff fails on the first element since he does not allege that he participated in a protected activity. "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Lewis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 134 F.4th 286, 295 (5th Cir. 2025) (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385

(5th Cir. 2003)). "Title VII prohibits intentional acts of employment discrimination based on race, color, religion, sex, and national origin, 42 U.S.C. § 2000e–2(a)(1) (disparate treatment), as well as policies or practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities, § 2000e–2(k)(1)(A)(i) (disparate impact)." *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2661, 174 L. Ed. 2d 490 (2009).

Plaintiff alleges he "engaged in protected activity by reporting workplace bullying, intimidation, and discriminatory treatment through Defendant's internal complaint channels and further HR/corporate complaint processes." (R. Doc. 1 at 4). However, Plaintiff alleges his complaint regarding this bullying, intimidation, and discriminatory treatment occurred "after seeking a few days off an assignment related to shoulder surgery." (R. Doc. 1 at 2). Plaintiff's complaint was not on the basis of discrimination based on race, color, religion, sex, and/or national origin, so it was not a protected activity under Title VII. *See Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (Title VII does not set forth "a general civility code for the American workplace."). Thus, Plaintiff has failed to state a claim for retaliation under Title VII.[3]

**C. Pretext/Unlawful Adverse Treatment**

Plaintiff asserts a cause of action entitled "Pretext/Unlawful Adverse Treatment." (R. Doc. 1 at 5). Plaintiff's primary complaint in this section is Defendant's failure to provide a clear explanation for Plaintiff's first or second suspension and failure to communicate the classifications and justifications for his termination being ineligible for appeal. "These facts support an inference

[3] Defendant additionally argues that Plaintiff has failed to exhaust his administrative remedies because Plaintiff filed his EEOC Charge of Discrimination based on the ADA, not Title VII. However, Defendant provided only the Notice of Charge of Discrimination, not the Charge of Discrimination itself, and the Court cannot determine the scope of the Charge of Discrimination without knowing what facts were alleged therein. *See Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (*quoting Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)) (When considering the scope of an EEOC complaint, the 5th Circuit determines the scope "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'").

that Defendant's actions were not based on a legitimate, consistently applied reason, but were instead retaliatory and pretextual." (R. Doc. 1 at 5).

Based on Plaintiff's allegations, there does not appear to be a distinction between his Title VII retaliation claim and his "Pretext/Unlawful Adverse Treatment" claim. Without further information, the Court cannot conclude that a separate cause of action is being alleged. *See Kiper*, 2015 WL 2451998, at *1 (Courts need not "search for or . . . create causes of actions" for *pro se* plaintiffs.). Failing to communicate to the plaintiff's satisfaction, or failure to follow internal classifications, even if properly alleged, do not in itself give rise to an independent cause of action.

## III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (R. Doc. 12) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE**.[4]

Signed in Baton Rouge, Louisiana, on October 13, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

[4] Plaintiff did not oppose or otherwise address any of the arguments in the Motion to Dismiss, or otherwise demonstrate facts that could be pled to overcome any alleged deficiencies. In addition, based on the analysis set forth above, any amendment would be futile.